Dear Marshal Box:
Your request for an Attorney General's Opinion has been directed to me for research and response. As I understand your question, it is as follows:
 When a city marshal, pursuant to the provisions of La. C.C.P. Art. 4734, gives the lessor possession of his premises, should the furniture and other goods be carried to neutral ground, even though it may be several hundred feet away, or is it legal to set the goods in front of the apartment still being on the lessor's property, but out of the dwelling?
Your question states your problem clearly. It is understandable that, due to the size of some apartment complexes, it is difficult for the marshal, constable, etc. to move the contents of an apartment to the nearest neutral ground. However, it would appear that that is what the law requires.
Louisiana Code of Civil Procedure, Article 4733 states:
 "If the lessee or occupant does not comply with the judgment of eviction within twenty-four hours after its rendition, the court shall issue immediately a warrant directed to and commanding its sheriff, constable, or marshal to deliver possession of the premises to the lessor or owner."
Louisiana Code of Civil Procedure, Article 4734, in pertinent part, states:
 "The sheriff, constable, or marshal shall execute a warrant rendered under Article 4733 in the presence of two witnesses, by clearing the premises of any property therein, in order to put the lessor or owner in possession of the premises. . . ."
The language of both Articles makes it clear that the sheriff, constable, or marshal must put the lessor in possession of the premises. The term "premises" it defined C.C.P. Art.4704 as follows:
 "'Premises' includes the land and all buildings and improvements thereon leased by a tenant, or possessed by an occupant." (Emphasis added).
Thus, to statutorily carry out the duty, imposed by C.C.P. Art. 4733 and 4744, it would appear that the marshal, constable, or sheriff must return all buildings and land to the lessor, allowing him or her possession of same.
"Possession" is defined in Black's Law Dictionary, First Edition as:
 "The detention and control, or the manual or ideal custody of anything which may be the subject of property, for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, and either held personally or by another who exercises it in one's place and name . . . that condition of facts under which one can exercise his power over a corporal thing at his pleasure to exclusion of all other persons." (Emphasis added).
A lessor can not fully possess his property "to the exclusion of all other persons" if the goods and possessions of the former lessee remain on any part of that property. Surprisingly, there does not appear to be much jurisprudence on the matter you have questioned. However, in the case Miles v. Kilgore, 191 So. 556 (La.App. 1939) the court stated that:
 "The officer executing the warrant for enforcement of the judgment of ejectment against a defaulting tenant shall clear the leased premises of property therein and deliver full possession thereof to lessor which may be done only by ejecting all persons found in leased building and removing contents thereof." (Emphasis added).
Additionally, if the lessee's property were only removed to another part of lessor's property, it is possible that the lessor might be subject to some liability to the lessee for damages to or loss of the property.
In light of the foregoing, it would appear that when a sheriff, marshal, or constable delivers possession of his property to a lessor, he must "clear the premises of any property therein" by removing same to neutral ground, even if the closest neutral ground is some distance away. To do less, would not be to put the lessor fully in possession of his property or to put him in ". . . that condition of facts under which one can exercise his power over a corporal thing at his pleasure to exclusion of all other persons."
It should be noted however, that C.C.P., Art. 4705 provides that:
 "Nothing in this Title shall be construed to deprive any lessor of any remedy heretofore allowed him either for the payment of rent due to him or for the seizure of any furniture found on the leased premises; and nothing in this Title shall be construed to conflict with the provisions of Articles 3651 through 3654."
I trust that the foregoing adequately answers the question you have asked. If however, additional information is needed, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2627s